IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITE HERE RETIREMENT FUND, TRUSTEES OF THE UNITE HERE RETIREMENT FUND, 333 Westchester Ave., North Building White Plains, New York 10604 | : : : : : : | CIVIL ACTION |
| *Plaintiff,* v. | : : : : | |
| THE BETHEL HOMES d/b/a THE SPRINGVALE INN, INC., BETHEL NURSING HOME COMPANY, INC. AND BETHEL REHABILITATION CENTER, INC. 67 Springdale Rd. Croton on Hudson, New York | : : : : : : : | |
| *Defendant.* | : : | NO.  18-cv-11334 |

## COMPLAINT

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f), and §301(a) of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(c).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, and the LMRA, 29 U.S.C. §185(a), because the Plaintiff's office is located in the Southern District of New York.

### PARTIES

3. At all times relevant hereto, Plaintiff, UNITE HERE Retirement Fund (hereinafter the "Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

4..     Plaintiff maintains its principal place of business and is administered from offices listed in the caption which is located within the jurisdiction of the Southern District of New York.

5.     Defendants Bethel Homes d/b/a Springvale Inn Company, Inc., Bethel Nursing and Rehabilitation Center and Bethel Nursing Home Company Inc. hereinafter collectively referred to as the "Company" or "Employer") are employers in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11), and (12) that maintains the business address listed in the caption.

6.     Effective 2013 and continuing to the present, the Company was a party to a collective bargaining agreement with UNITE HERE Local 100, AFL-CIO, whereby it agreed to make contributions to the Plaintiff (Exhibits A and Exhibit B).

7.     Pursuant to 29 U.S.C. §1132(g)(2)(B), any contribution that is not received by its due date is charged interest at the Internal Revenue Service rate.

8.     Pursuant 29 U.S.C. §1132(g)(2)(C), late payments are also charged liquidated damages in an amount equal to the interest on the principal delinquency.

### AMOUNTS DUE TO THE FUND FOR DELIQUENCIES

9.     The above paragraphs are incorporated herein by reference as though duly set forth at length.

10.    For the period August through October 2018, the Company remitted contribution reports but failed to pay contributions on all eligible hours as required by the terms of the collective bargaining agreement. As a result, the Company owes $43,817.86 in principal contributions for the period August 2018 through October 2018 for the three properties listing in paragraph 5 above.

11. Through December 31, 2018 the delinquency accrued $1,377.10 in interest and $8,763.54 in liquidated damages.

12. Despite notice of the foregoing amounts, the Company has failed and refused to pay.

13. By not payment the amounts owed the Company violated the collective bargaining agreement, which is actionable under the LMRA and ERISA.

14. Pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B) the Company owes additional interest on the delinquent principal that has and will accrue after August 31, 2018.

15. In addition to the principal, interest, and liquidated damages set forth above, Defendant Company owes to Plaintiff's attorneys' fees and costs of litigation, pursuant to 29 U.S.C. §1132(g)(2)(D).

WHEREFORE, Plaintiff ask that the Court:

(1) Enter judgment in favor of the Plaintiff and against the Defendant Company in the amount of $43,817.76 for unpaid principal contributions for the August 2018 through October 2018 period, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(2) Enter judgment in favor of the Plaintiff and against the Defendant Company in the amount of $1,377.10 for interest on the principal contributions owed the August 2018 through October 2018 period calculated as of December 31, 2018 pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(3) Enter judgment in favor of the Plaintiff and against the Defendant Company in the amount of $8,763.54 for liquidated damages on the delinquent contributions owed for the August 2018 through October 2018 period as of December 31, 2018 pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(4) Enter judgment in favor of the Plaintiff and against the Defendant Company for such additional interest and liquidated damages that accrues delinquency after August 31, 2018, calculated at the I.R.S. rate, pursuant to 29 U.S.C. §1132(g)(2)(B) and (C);

(5) Enter an order for delinquent contributions, interest and liquidated damages that may become due and owing during the pendency of this law suit.

(6) Enter an order requiring the Defendant Company to pay contributions as required by the terms of the collective bargaining agreement

(7) Enter judgment in favor of the Plaintiff and against the Defendant Company for attorneys' fees and costs, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D); and

(8) Grant any other further relief the court finds just and proper.

**CLEARY, JOSEM & TRIGIANI LLP**

BY: _____
WILLIAM T. JOSEM, ESQUIRE
REGINA C. HERTZIG, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099
wtjosem@cjtlaw.org
rhertzig@cjtlaw.org

DATED: December 5, 2018